UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.   4:24 CR 121 JAR (NCC) ) 4:24 MJ 2101 SRW ) |
| CRAIG A. SPIEGEL, M.D. | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Pretrial Detention and Supplemental Motion for Detention. (ECF Nos. 6, 14). The Court held a detention hearing on March 11, 2024. After considering all of the evidence in this case, the Government's requests for pretrial detention are denied.

## BACKGROUND

Dr. Spiegel is charged by way of a Complaint with the illegal distribution of controlled substances. The grand jury recently returned an Indictment against Dr. Spiegel charging him with 17 counts of illegal distribution of controlled substances, one count of conspiracy to distribute controlled substances, and seven counts of making false statements related to health care matters. (ECF Nos. 1, 19). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Dr. Spiegel poses a serious risk of danger to the community as well as a risk of flight. The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 13). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue. The Government also filed a correction notice regarding the detention motion, ECF No. 18, which the Court has also considered.

Dr. Spiegel is 67 years old. He has lived in St. Louis since 1982. Dr. Spiegel is a medical doctor who practiced as a pediatrician until November 2023, when he closed his practice. He previously lived in a home in Creve Coeur Missouri; however, he is attempting to sell that home. Dr. Spiegel and his wife purchased another home in Chesterfield. Although the two homes together are worth approximately $1.5 million, they owe approximately $1.2 million in home mortgages. Dr. Spiegel will start collecting Social Security next month, and he has $700,000 in retirement investments. His wife is still working. As a couple, they seem financially stable, but not extremely wealthy.

Dr. Spiegel's family lives in the United States; however, one step-daughter lives in Germany. He has a valid passport. He has traveled internationally, but not for several years. Counsel for Dr. Spiegel offered to surrender his passport immediately after the initial appearance; however, the United States Pretrial Services Office could not accept the passport absent a court order for them to do so.

Dr. Spiegel suffers from heart disease, lower back pain, type 2 diabetes, and arthritis. He reports taking 15 pills each day. He has no history of mental health concerns, although he noted experiencing some thoughts of committing suicide rather than going to prison. He has no history of substance abuse. Dr. Spiegel has no criminal convictions, and he has never failed to appear in court.

The Government alleges that Dr. Spiegel traded controlled substance prescriptions to adults in exchange for sexual favors, viewing women's bare breasts, nude photographs, and cash. The Government alleges there are 25 known women involved in these transactions. Some of the women allege they were previously patients of Dr. Spiegel when they were children. One woman claims she told the doctor she shared her drugs with her four-year-old child. The Government alleges one patient died from an overdose, one alleged he sexually assaulted her, and in 2022 a minor child alleged inappropriate touching during an examination. The Government concedes no

charges were brought for any of these allegations and offered no evidence in support of the affidavit attached to the Complaint. The Bail Report notes an arrest for child molestation in 2022, but no related charges.

The Government originally alleged Dr. Spiegel had recently purchased airline tickets between Detroit, Miami, and Fort Lauderdale; however, the Government filed a correction withdrawing these alleged travel plans as being based on incorrect intelligence. The Government states Dr. Spiegel refused to surrender his DEA registration number which allows him to prescribe controlled substances, even after the agents searched his medical office and questioned him. Nor did he surrender his license after he received a briefing of the seriousness of his situation at the United States Attorney's Office. Counsel for Dr. Spiegel noted that he closed his practice in November of 2023 and would now surrender his DEA registration number at this time. The Government noted Dr. Spiegel continued to issue prescriptions for controlled substances to adults after he closed his practice in November.

In its supplemental motion, a fellow doctor noted a recent lunch meeting with Dr. Spiegel in which he seemed depressed and was acting fatalistic. This doctor recalled prior conversations during which they discuss Israel's "Law of Return" which allows Jewish people the right to settle in Israel. The Law of Return does not grant this privilege to anyone engaged in activities against the Jewish people or who would endanger the public health or security of the State of Israel.[1] The doctor recalled a prior conversation with Dr. Spiegel about alleged sex offenders, without a criminal conviction, who used this process to delay their extradition.

## **DISCUSSION**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of

---

[1] *See* https://www.nbn.org.il/life-in-israel/government-services/rights-and-benefits/the-law-of-return, last viewed on March 14, 2024.

arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). All of the charges against Dr. Spiegel are serious, and most trigger a presumption of detention. § 3142(e)(3). However, the Bail Reform Act preserves his presumption of innocence. § 3142(j). The Court also considers the weight of the evidence, which is strong.

The Court takes into account Dr. Spiegel's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Dr. Spiegel has strong family and community ties in the St. Louis region. He suffers from many serious physical health problems and takes 15 pills each day. He has no history of mental health problems. He is financially stable, but not extremely wealthy. He has an active passport and has traveled internationally. He has no history of substance abuse and no criminal history. He has no history of failing to appear in court.

After considering all of these matters, the Court will release Dr. Spiegel on bond. However, the Court will impose strict conditions of release sufficient to reasonably assure his appearance in court and the safety of the community. The Court will impose conditions of release which will require Dr. Spiegel to reside in his Chesterfield home with a condition of house arrest with location monitoring. The Court will limit his travel to the Eastern District of Missouri. The Court will not release Dr. Spiegel on bond until his current passport is surrendered to the Court. Dr. Spiegel will be barred from obtaining, possessing, or using any international travel documents. Dr. Spiegel will be prohibited from using or possessing any illegal controlled substances and from possessing any weapons. He will be prohibited from prescribing any medication.

The Court must consider the nature and seriousness of the danger which would be posed by Dr. Spiegel's release. The Court is mindful of the seriousness of the charges against Dr. Spiegel, but believes these strict conditions of release will reasonably assure his appearance in court and the safety of the community. The Court may inquire as to the source of the funds used to post Dr. Spiegel's bail. However, the Court sees no need to make such an inquiry as the Court will release Dr. Spiegel on his own recognizance at the appropriate time.

The Court is mindful of the seriousness of the allegations alleged against Dr. Spiegel. However, the United States Constitution and the Bail Reform Act protect his presumption of innocence. The Court is also aware of the presumption in favor of detention in this case; however, Dr. Spiegel has successfully rebutted that presumption. If the allegations against him were proven to be true after a criminal trial, the undersigned would personally find this conduct to be very outrageous for a practicing physician. However, the undersigned took an oath to "administer justice without respect to persons, and do equal right to the poor and to the rich." Dr.

Spiegel is presumed innocent and will not be treated more favorably or less favorably because he is a physician. Similarly, the fact the Dr. Spiegel is Jewish and may have previously discussed the idea of one day seeking Israeli citizenship, does not authorize the Court to ignore the protections the Constitution and the Bail Reform Act afford Dr. Spiegel.

The Court has carefully considered the Government's motion for detention. After considering all of these matters, the Court will release Dr. Spiegel on a set of conditions which will reasonably assure his appearance and the safety of the community. With these conditions in place, the Court does not find by a preponderance of the evidence that there is a serious risk Dr. Spiegel will not appear as required. Nor does the Court find by clear and convincing evidence that there is a serious risk he will endanger the safety of another person or the community.

As the Court previously agreed during the detention hearing, Dr. Spiegel will not be released on bond for at least one day to allow the Government time to consider asking the Honorable John A. Ross, the United States District Court Judge with original jurisdiction over this case, to review this decision.

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention and Supplemental Motion for Detention, (ECF Nos. 6, 14), are DENIED.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of March, 2024.