## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:24CR121 JAR (NCC) |
| CRAIG A. SPIEGEL, M.D., | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for reconsideration of pretrial release order and for this Court's *de novo* review of the motion for detention pursuant to 18 U.S.C. § 3145(b). ECF No. 27.

### Background

Defendant is charged in a twenty-five count indictment in the Eastern District of Missouri that includes seventeen counts of illegal distribution of controlled substances, seven counts of making false statements related to health care matters, and one count of conspiracy to distribute controlled substances. ECF No. 20. If convicted Defendant faces a maximum term of twenty years imprisonment on each count of the illegal distribution of controlled substances counts. Accordingly, a rebuttable presumption arises in this case pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(e).

The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Defendant poses a serious risk of danger to the community as well as a risk of flight.

After a detention hearing was held on the Government's Motion for Pretrial Detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act, United States Magistrate Judge Stephen R. Welby issued a Memorandum and Order denying Government's Motion and set bond execution for March 18, 2024. ECF Nos. 22 and 23. The Government filed a motion requesting this Court to stay the bond execution and order continued detention of Defendant until a *de novo* hearing could be conducted, which the Court granted. ECF Nos. 27 and 28. On March 20, 2024, a *de novo* hearing was held on the Government's request for reconsideration of the order of pre-trial release pursuant to 18 U.S.C. § 3145(a)(1). ECF No. 28. At the hearing, the Government presented its arguments in support of detention, and Defendant, through counsel, presented his argument in support of pre-trial release. Neither side called witnesses, and both submitted their respective evidence by way of proffer. The Bail Report, admitted as part of the record for purposes of this hearing by agreement of the parties, lists several reasons why Defendant poses a risk of non-appearance and a risk of danger in support of the Pretrial Service Office's recommendation for detention.

**Legal Standard**

"If a person is ordered released by a magistrate judge…the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release…" 18 U.S.C. § 3145(a)(l). The Court's review of the Magistrate's Order of Detention is *de novo*. *United States v. Maull,* 773 F.2d 1479 (8th Cir. 1985). When considering the issue of detention or release on bond, the Court must assess whether Defendant is a flight risk or danger to the community by considering, among other things, the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person, including mental

2

condition, financial resources, employment, and family and community ties; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142 (g).

## Discussion

The defendant is 67 years old. He has lived in St. Louis since 1982. Defendant is a medical doctor who practiced as a pediatrician until November 2023, when he closed his practice. He previously lived in a home in Creve Coeur Missouri; however, he is attempting to sell that home. Defendant and his wife purchased another home in Chesterfield. The two homes together are worth over $1.5 million, but they owe approximately $1.2 million in home mortgages. Defendant will start collecting Social Security next month, and he has $700,000 in retirement investments. His wife is still working. As a couple, they have access to substantial resources. Defendant's family lives in the United States; however, one step-daughter lives in Germany. He has a valid passport. He has traveled internationally many times. Defendant suffers from heart disease, lower back pain, type 2 diabetes, and arthritis. He has no history of mental health concerns, although he noted experiencing some thoughts of committing suicide rather than going to prison. He has no history of substance abuse. Defendant has no criminal convictions.

Defendant is alleged to have committed very serious crimes over the last ten years involving illegally prescribing controlled substances to at least twenty-five individuals outside the usual course of his professional practice as a pediatrician in exchange for sexual favors and photographs. The Court recognizes that Defendant is presumed innocent of the crimes charged. The Government proffered that one victim alleged that Defendant forced her to perform oral sex on him in a public restroom. The Government also produced evidence by proffer that many of the victims were addicted to controlled substances and Defendant was aware of theses addictions. For

instance, one victim admitted to Defendant that she gave the controlled substances to her four-year old child and another died of an overdose in 2022, yet Defendant still continued writing prescriptions even with this knowledge. It is notable that Defendant was writing these prescriptions for controlled substances to adults when, by practice, he was a pediatrician. The Government further asserted by proffer that after the Drug Enforcement Administration (DEA) informed Defendant in April 2023 of its investigation into his illegal prescription practices, and after Defendant gave a voluntary recorded interview that same date where he admitted to providing twenty victims with controlled substances in exchange for sexual acts, he still kept his practice open until November 2023. He also continued to prescribe controlled substances in a similar manner as he had done previously. The Government's evidence as proffered is overwhelming when considering the number of victims, the length of time that this activity has been occurring, and his own admissions, corroborated by thousands of text messages with victims. In addition, the Court is concerned about Defendant's suicidal statements to his wife and the Pretrial Services Office about not wanting to live if he were to serve significant time in prison. This reflects a serious mental health concern and a possible threat to himself and others, yet another factor for the Court's consideration on the issue of detention.

It appears to the Court that Defendant made contradictory statements that were, at best, misstatements during his interview with the Pretrial Services Office. He stated that he had not travelled internationally after 2009, when in fact his wife confirmed he had travelled to Israel multiple times with the most recent travel in 2010 or 2011, and he went to Canada in 2013 and Mexico in 2016. He also failed to report that he had $700,000 in retirement funds listed on his financial affidavit. Regardless of whether these were oversights or misstatements by Defendant, the Court finds that because of his extensive history of international travel, including multiple trips

4

to Israel, having a stepdaughter who resides in Germany, and his significant monetary resources support the conclusion that Defendant poses a flight risk. These charges also carry lengthy potential sentences, which could increase Defendant's incentive to flee.

The Court finds for the same reasons stated above, by clear and convincing evidence, that the Government has met its burden to establish that no release condition or combination of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance. 18 U.S.C. § 3142(c), (e)-(f)). Here, such detention is necessary to protect against the danger to the community given the nature and circumstances of the offenses charged. Further, as stated above, the Government has strong evidence in support of its charges, which if convicted Defendant faces a significant term of imprisonment, which could also increase his incentive to flee.

## Conclusion

Following an independent, *de novo* review of the evidence, and for the reasons set forth above, the Court finds that the Government has presented persuasive arguments in support of detention, and Defendant has failed to rebut the presumption of detention in this case. The Court finds that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for reconsideration of pretrial release order is **GRANTED** [ECF No. 27].

**IT IS FURTHER ORDERED** that the Government's Motion for Pretrial Detention [ECF No. 6] is **GRANTED**, and that Defendant continue to be detained pending trial in this case and is remanded to the custody of the Attorney General.

Dated this 21st day of March, 2024.

                                                    **JOHN A. ROSS**
                                                    **UNITED STATES DISTRICT JUDGE**