Scott Rosenblum
Joel J Schwartz
Matthew D. Fry
Marc Johnson
Adam Fein

**RSFJ**

ROSENBLUM SCHWARTZ
FRY & JOHNSON

Jeff B. Becker
Brianne R. Besheer
Isaac E. Dodd
Timothy J. Hunsaker
T.J. Matthes
Tanner C. Rolfes
Benedict Y. Song
Nathan T. Swanson
Cameron E. Valdez
Allie Wimmer
Gregory N. Wittner

120 S. Central Ave. Suite 130 St. Louis, MO 63105   Office: 314.862.4332   Fax: 314.862.8050   rsfjlaw.com

April 15, 2024

Amy E. Sestric
Assistant United States Attorney
111 S. 10th St. Ste. 20.333
Saint Louis MO 63102

    Re:    United States of America v. Craig Spiegel
             Case No.: 4:24CR121 JAR/NCC

Dear Ms. Sestric:

      Pursuant to Federal Rules of Criminal Procedure 16 and 12, the case law controlling discovery, and the Court's local rules, Mr. Spiegel requests the following pretrial disclosure of evidence and information.

1. Any and all written or recorded statements made by the Defendant;

2. Any and all written or recorded statements made by co-defendants and co-conspirators (named and unnamed);

3. Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent;

4. The substance of any oral statement made by the Defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the prosecution intends to offer in evidence at trial;

5. Recorded grand jury testimony of any Defendant relating to the offenses charged;

6. A written summary of the testimony the government intends to use at trial under

1

Federal Rule of Evidence 702, 703 or 705, including a description of the witnesses' opinions, the basis and reasons therefor and the witnesses'

qualifications. In addition, please provide the curriculum vitae of any expert, a summary of the expert's testimony, lab reports including ay worksheets, bench notes, instrument printouts and graphs, and other items showing the methodology followed by the expert including any chemist who tested scheduled drugs and will provided an opinion that the substance is the scheduled drug;

7. Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained or belonging to the Defendant;

8. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to the Defendant's defense or are intended for use at trial;

9. Disclosure to the Defendant and permission to inspect and copy all information and material known to this prosecutor which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. (1976);

10. Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959);

11. Disclosure to Defendant as to which of his co-defendant's has entered into an agreement to plead guilty and who will be a cooperating witness in this case; the agreement that they made with the United States Attorney's office and the substance of what their testimony will be as it concerns the Defendant;

12. Provision to Defendant of the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial;

13. Provision to Defendant of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:



    A.    The identity and existing statements of any confidential informant who may be called upon to testify in this case;

    B.    Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;

    C.    The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents or cooperating agencies;

    D.    Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

    E.    Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

    F.    Any record maintained by the government showing the arrest and conviction record of the confidential informant.

14. Disclosure to Defendant as to whether he was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom;

15. To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the Defendant the existence of those rough notes;

16. To advise the Defendant, pursuant to Fed.R Evid. 404(b), within ten days of the prosecutor's intention to introduce such evidence, the basis under which introducing will be supported, and of the general nature of that evidence;

17. To transcribe the grand jury testimony of all witnesses who will testify for the office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery;

18. The prosecutor shall, if requested, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. Sections 822 and 823 and 21 C.F.R. Section 1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample;

19. Upon request, the prosecutor shall permit the Defendant, his counsel and any



120 S. Central Ave. Suite 130 St. Louis, MO 63105   Office: 314.862.4332   Fax: 314.862.8050   rsfjlaw.com

experts selected by the defense to inspect any vehicle, vessel or aircraft allegedly utilized in the commission of any offenses charged. The prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be

20. The prosecutor shall provide the Defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant;

21. The prosecutor shall provide the Defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the prosecutor's expert as those of the Defendant;

22. Disclose to the Defendant, for inspection, any and all things, objects, books, or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.

23. With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or (E), which the government intends to introduce at trial as to the declarant of that statement: Disclose to the Defendant all information regarding the declarant's prior convictions and criminal record, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of others with regard to the declarant and the declarant's reputation;

24. Records of any devices used to record telephone numbers dialed from or to a particular phone, including pen registers, traps, and traces, and any recordings obtained or intercepted via wiretap;

25. Information, reports, memoranda, correspondence, records, or footage describing, memorializing, or capturing any electronic surveillance of Defendant, Defendant's vehicle, or any vehicle Defendant allegedly operated or occupied in any investigation related to his or her arrest in this case or verification that such information was never viewed or collected. This request includes but is not limited to the following:

    A. Any data, including metadata, resulting from use of an IMSI catcher, cell site simulator, or similar cell phone monitoring or data-collection device by law enforcement;

    B. Any GPS tracking information or other digital or electronic location-related information;

    C. Any privately obtained video, audio, or still footage or images that were also used or viewed by any law enforcement member. This includes, but



        is not limited to, footage, images, or data captured by surveillance systems, cell phones, or recording devices of any kind whether operated, owned, or maintained by a private business or entity, private person, or non-law enforcement government entity;

   D.   Any audio or visual recordings from devices inside a police vehicle, inside a police station, or any other place in which Defendant was detained, kept, held, or watched, including any audio or visual recordings from police body cameras;

   E.   Any recorded correspondence, including, but not limited to, radio correspondence between or involving officers, dispatch, and/or the RTCC.

27.   If the discovery provided is Electronically Stored Information (ESI), such as a .pdf document, word processing document, spreadsheet, graph, data or data compilation, DAD/CAM file, web site, voice-mail, e-mail, text or instant messaging, photograph, audio, video, or any content in a digital form, please provide it pursuant to the following protocols:

   A.   Please label each item and identify it by case number;

   B.   Please provide an inventory and index of what is stored and its storage location;

   C.   Please organize ESI in the form it is used in the usual course of business with its logical unitization (e.g., an FBI 302 report followed by its attachments and related photographs) or in a reasonably usable or accessible form. Fed. R. Civ. P. 34(a), (b)(1) and (2)(E)(i)-(ii);

   D.   If the government intends to provide discovery electronically that currently exists in hard copy, please scan the hard copy before delivery into high-quality pdf form (using Adobe .pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) and Bates numbers;

   E.   If the discovery is voluminous, please confer with our office prior to providing ESI discovery regarding its format and the form in which it may be provided.

I appreciate your cooperation with these requests.

5



120 S. Central Ave. Suite 130  St. Louis, MO 63105   Office: 314.862.4332   Fax: 314.862.8050   rsfjlaw.com

Sincerely,

T.J. Matthes

TJM/hc

RSFJ    120 S. Central Ave. Suite 130  St. Louis, MO 63105    Office: 314.862.4332    Fax: 314.862.8050    rsfjlaw.com